STATE OF NORTH CAROLINA v. KENNETH LEE SMITH

No. 8718SC198

(Filed 6 October 1987)

1. Obscenity § 1— dissemination of obscenity—constitutionality of statute
    The statute pertaining to the dissemination of obscenity, N.C.G.S. § 14-190.1, is not unconstitutionally vague and overbroad.

2. Obscenity § 3— instructions on community standard
    The trial court in an obscenity case sufficiently instructed the jury that patent offensiveness must be judged by the standards of the average adult in the community rather than by their own personal standards.

3. Obscenity § 3— patent offensiveness—insufficiency of sexual conduct alone— refusal to instruct
    The trial court did not err in failing to give defendant's requested instruction that sexual conduct alone is not sufficient to establish patent offensiveness and obscenity since it is unlikely that the jury could have concluded that depiction of sexual conduct alone contravened the law in light of the court's instruction that material is obscene if it "depicts or describes in a patently offensive way sexual conduct as that term is defined in the North Carolina statute."

**4. Obscenity § 3— inability to determine community standard—necessity for acquittal—implicit instruction**

The trial court in an obscenity case implicitly gave defendant's requested instruction that it must acquit if it could not determine the contemporary community standard that it was to apply.

**5. Obscenity § 3— effect of materials on young people—refusal to instruct**

The trial court in an obscenity case did not err in failing to give defendant's requested instruction that it should not consider the effect of the materials in the present case on young people but should consider the effect exclusively with reference to adults where the court charged the jury several times that it must consider the materials with reference to adults.

**6. Obscenity § 3— occurrences at adult bookstores—expert testimony—harmless error**

Any error in the admission of testimony by the State's expert witness in an obscenity case that he understood that solicitation and "other things" went on in adult bookstores was not prejudicial in light of the overwhelming evidence of defendant's guilt of the crimes charged.

**7. Obscenity § 3— knowledge of contents of movies—sufficient evidence**

The State's evidence in a prosecution for dissemination of obscenity was sufficient to permit the jury to find that defendant knew the contents of the two movies in question where defendant was the only employee working in an adult bookstore on each occasion that officers visited the store; the store disseminated pornographic magazines and books and sexual devices; the video booths from which the movies in question were taken were festooned with photographic collages of males and females engaged in oral, vaginal and anal sex; and defendant sold the tokens needed to operate the video booths.

**8. Obscenity § 1— dissemination of obscenity—knowledge of contents of materials**

The statute prohibiting the dissemination of obscenity, N.C.G.S. § 14-190.1, does not require proof that defendant knew or believed that the materials in question were obscene and does not impose a strict liability for disseminating obscenity; rather, the statute requires proof that defendant knew the nature and content of the materials purveyed.

**9. Obscenity § 1— seized materials—absence of prompt adversary hearing on obscenity**

The absence of a right in N.C.G.S. § 14-190.1 to an adversary hearing on the obscenity of seized materials prior to trial does not constitute an unconstitutional prior restraint and denial of due process.

**10. Obscenity § 3— value of materials—reasonable man standard**

The trial court erred in instructing the jury in a prosecution for disseminating obscenity that it should apply a community standard rather than the reasonable man standard in deciding the question of a work's value. However, such error was harmless since no rational juror could have found value in the materials in question.

APPEAL by defendant from *Walker, Judge.* Judgment entered 22 August 1986 in GUILFORD County Superior Court. Heard in the Court of Appeals 2 September 1987.

Defendant Kenneth Lee Smith was indicted on three counts of disseminating obscenity in violation of N.C. Gen. Stat. § 14-190.1(a) and on three counts of possession with intent to disseminate obscenity in violation of N.C. Gen. Stat. § 14-190.1(e). The defendant was tried and convicted of all the charges. The trial court consolidated each count of dissemination with its possession counterpart and sentenced the defendant to three years on each of the three consolidated counts.

Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lucien Capone, III, for the State.*

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Michael K. Curtis, Martha E. Johnston, and Charles A. Lloyd, for defendant-appellant.*

WELLS, Judge.

Defendant brings forward thirteen assignments of error. We overrule all assignments and find no prejudicial error in the trial. The basic facts are not in dispute. Defendant was the manager of Dude's Adult Book Store in Greensboro, when on 22 October 1985, he sold two magazines, one entitled "Anal Girls Who Take It All" and the other entitled "Foxy Blondes Who Take It All—SEKA," to Detective A. G. Lee of the Greensboro Police Department. These magazines contain photographs of couples and trios engaged in various sexual acts, including cunnilingus, anal intercourse, fellatio, and ejaculation of sperm. There is very little text.

On 23 October 1985, Detective Lee came back to Dude's Adult Book Store and arrested the defendant. When Detective Lee returned to Dude's on 24 October he found defendant again working as manager and sole employee. On this occasion Detective Lee entered the video booth area at the rear of the store and watched a film that showed acts of anal and vaginal intercourse as well as oral sex. The next day Detective Lee returned to Dude's and charged the defendant a second time.

Subsequently, on 30 October, defendant was arrested a third time for disseminating obscenity.

At trial the defendant presented several witnesses who testified that in their opinion the materials did not affront community standards of decency. One witness claimed the materials had political value.

In rebuttal the State offered two witnesses, one of whom stated that in his opinion the materials lacked any scientific or medical value.

[1] Defendant attacks his convictions on several fronts. By his first assignment of error he contends that the obscenity statute under which he was convicted is unconstitutionally vague and overly broad. Our appellate courts recently sustained N.C. Gen. Stat. § 14-190.1 in the face of precisely this challenge in *Cinema I Video v. Thornburg*, 83 N.C. App. 544, 351 S.E. 2d 305, *aff'd*, 320 N.C. 485, 358 S.E. 2d 383 (1987). This assignment is overruled.

[2] By assignments of error two through five the defendant attacks various portions of the trial court's instructions to the jury. He contends first that the trial court erred in failing to explain that patent offensiveness must be judged by community standards. We find that the trial court adequately explained this point. After having charged on each prong of the tripartite obscenity test, the court summarized as follows:

> Now, ladies and gentlemen, contemporary community standards must be interpreted as the current standards here in Guilford County. All of these tests of obscenity that I have related to you must be considered and judged *with reference to the average adults in this community rather than by the most tolerant or by the most prudish*. (Emphasis added.)

This instruction adequately informed the jury that they were to apply not their own personal standards but rather those of the average adult in the community.

We further find no error in the trial court's explanation of *how* the patent offensiveness test should be applied.

[3] Defendant next contends that the trial court erred in failing to instruct the jury, as requested, that sexual conduct alone is not sufficient to establish patent offensiveness and obscenity. We

disagree. The charge to the jury included the following line: "Now, members of the jury, . . . material is obscene if . . . [it] depicts or describes in a *patently offensive way* sexual conduct *as that term is defined in the North Carolina statute.*" (Emphasis added.) In the light of this instruction, it is unlikely that the jury could have concluded that depiction of sexual conduct alone contravenes the law.

[4] Next, defendant contends that the trial court erred in refusing to charge the jury, as requested, that it must acquit if it could not determine the contemporary community standard with reference to adults. This argument too is without merit. For even though the jury instructions do not expressly so charge, they do so implicitly.

> For example, at one point the jury was instructed as follows:
>
> In addition to considering all the evidence presented, *a juror is entitled to draw on his or her own understanding and knowledge of the views of the average person in this community and of the tolerance of the average person in this community in making the required determinations which are necessary for the resolution of these cases.* (Emphasis added.)

This instruction adequately charged the jury that it could not reach the question of defendant's guilt or innocence unless and until it first determined itself capable of assessing what the community standard was that it would apply.

[5] Next, defendant argues that the trial court erred in failing expressly to instruct the jury, as requested, that it should not consider the effect of the materials in the present case on young people but should consider it exclusively with reference to adults. However, the transcript of the trial shows that the court charged the jury not once but several times that it *must* consider the materials in reference to *adults*. By so emphasizing, through repetition, the court effectively removed the danger that the jury might judge the materials in question with reference to young people.

With respect to assignments of error two through five, although the instruction of the trial court was not in the exact language requested, we hold that the instructions given were adequate. More is not required. Where the court's charge fully in-

structs the jury on all the substantive areas of the case, and adequately defines and applies the law thereto, it is sufficient. *State v. Mayes*, 86 N.C. App. 569, 359 S.E. 2d 30 (1987); *State v. McNeil*, 47 N.C. App. 30, 266 S.E. 2d 824, *cert. denied and appeal dismissed*, 301 N.C. 102, 273 S.E. 2d 306, *cert. denied*, 450 U.S. 915, 67 L.Ed. 2d 339, 101 S.Ct. 1356 (1981).

For the reasons indicated above assignments of error two through five are overruled.

[6] By his sixth assignment of error, defendant contends the trial court committed prejudicial error in refusing to strike the testimony of the prosecution's expert witness that he understood that solicitation and "other things" went on in adult book stores. We disagree. An error is not prejudicial unless a different result would have been reached at the trial if the error in question had not been committed. N.C. Gen. Stat. § 15A-1443.

While this testimony was arguably inadmissible, the defendant here has not persuaded us that there exists any reasonable possibility that the outcome of the trial would have been any different had the testimony not been allowed. The evidence of defendant's guilt was overwhelming. The trial court's error, if any, was harmless.

[7] By his seventh assignment of error, defendant asserts that the trial court erred in denying his motion to dismiss based on the State's failure to present sufficient evidence that defendant knowingly disseminated the two movies in evidence.

The rule in criminal cases governing motions to dismiss on the basis of insufficiency of evidence is well settled. The court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and then determine if there is substantial evidence to support a finding that the defendant has committed the offense for which he is charged. *State v. Greer*, 308 N.C. 515, 302 S.E. 2d 774 (1983). In the case at bar, defendant complains that there is no direct evidence to show that he had any knowledge of the two movies in question. However, our North Carolina courts have held that the test of the sufficiency of the State's evidence to withstand a motion to dismiss is the same whether that evi-

dence is direct or circumstantial. *State v. Porter*, 303 N.C. 680, 281 S.E. 2d 377 (1980).

The circumstantial evidence in this case that defendant knew the contents of the two movies in question is more than substantial. On every occasion when law enforcement officers visited Dude's Adult Book Store defendant was the only employee working there. The State established that Dude's disseminated not only pornographic magazines and books but also sexual devices such as dildos, vibrators, and lubricating gels and oils.

Defendant sold the tokens which were needed to operate the video booths. The booths from which the movies in question were taken were festooned with photographic collages of males and females engaged in oral, vaginal, and anal sex. These advertisements conveyed the character and content of the movies shown within. All this evidence, taken together, was more than sufficient to allow a reasonable inference that defendant knew the contents of the movies he disseminated. Therefore, defendant's seventh assignment of error is overruled.

[8] By assignments of error eight and nine, defendant argues that the trial court erred in not instructing the jury, as requested, that in order to convict him they must find that he *knew* or *believed* that the materials in question were obscene. The trial court charged the jury that the State need only prove that defendant *knew the nature and content* of the materials. We agree with the trial court's determination of the *scienter* requirement of N.C. Gen. Stat. § 14-190.1.

Ruling on a similar challenge to federal obscenity laws in *Hamling v. United States*, 418 U.S. 87, 41 L.Ed. 2d 590, 94 S.Ct. 2887 (1974), the Supreme Court observed that a specific intent requirement would be practically unenforceable:

It is constitutionally sufficient that the prosecution show that a defendant *had knowledge of the contents* of the materials he distributed, and that he *knew the character and nature* of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming he had not brushed up on the law. (Emphasis added.)

Applying the *scienter* requirement laid down by *Hamling* for federal obscenity statutes, we hold that N.C. Gen. Stat. § 14-190.1 is neither a specific intent statute requiring proof that the defendant knew the legal status of the materials he disseminated; nor, on the other hand, does it impose strict liability for disseminating obscenity. Instead, the statute requires just the intermediate level *scienter* proof that the trial court in this case instructed: proof that defendant knew the nature and content of the materials purveyed.

It follows that defendant's assignments of error eight and nine must be overruled.

By his tenth assignment of error defendant argues that if N.C. Gen. Stat. § 14-190.1 does not require actual knowledge of the legal status of the materials, then the statute is unconstitutionally overbroad. This argument cannot succeed. As indicated above, the constitutionality of the statute is no longer in doubt after *Cinema I Video*. This assignment is overruled.

By his eleventh assignment of error the defendant asserts that N.C. Gen. Stat. § 14-190.1 is unconstitutionally overbroad in that it prohibits non-commercial, private dissemination of sexually explicit materials in the home, thereby impermissibly invading the zone of privacy carved out in *Stanley v. Georgia*, 394 U.S. 557, 22 L.Ed. 2d 542, 89 S.Ct. 1243 (1969). The defendant in the case *sub judice* not having been charged with non-commercial private dissemination in the home of obscene materials, we need not, and do not, decide whether such conduct is punishable under the statute.

[9] By his twelfth assignment of error defendant argues that the absence of a statutory requirement for an adversary hearing on the issue of the obscenity of the seized materials constitutes an unconstitutionally impermissible prior restraint and denial of due process. This issue was addressed and resolved in *Cinema I Video*. It was held there that the State need not write into its obscenity statute a statutory right to a post-seizure hearing. Therefore, this assignment is overruled.

[10] By his final assignment of error defendant asserts that the court's instruction on the value prong of the obscenity test was erroneous in the light of the recent decision of the United States

Supreme Court in *Pope v. Illinois*, 481 U.S. ---, 95 L.Ed. 2d 439, 107 S.Ct. --- (1987). In *Pope* the Illinois trial court charged the jury that it should apply community standards in deciding the question of a work's value. However, on appeal the Supreme Court held that the value question must be determined not in the light of community standards, but rather with reference to a reasonable man standard. In the case at bar the trial court gave the very instruction held erroneous in *Pope*.

Obviously, the instruction of our trial court on the third prong of the tripartite obscenity test is in conflict with the Supreme Court's decision in *Pope*. The question arises whether defendant is therefore entitled to a new trial or whether the erroneous instruction may be found harmless. The Supreme Court, confronted with exactly this question in *Pope*, decided that the appealed convictions should stand "if a reviewing court concludes that no rational juror, if properly instructed, could find value in the magazines." *Id.* at ---, 95 L.Ed. 2d at 447, 107 S.Ct. at --- (1987).

We have examined the materials introduced into evidence in this case and have concluded that no rational juror, properly instructed, could find value in them. Therefore, we conclude that the trial court's error was harmless and, hence, that defendant's thirteenth assignment of error must be overruled.

In summation, we find that defendant's challenges to the constitutionality of N.C. Gen. Stat. § 14-190.1 cannot succeed and that defendant received a fair trial, free of prejudicial error.

No error.

Judges EAGLES and MARTIN concur.